a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTWAIN ROBINSON, Petitioner | CIVIL ACTION NO. 1:17-CV-0022-P |
| VERSUS | CHIEF JUDGE DRELL |
| J.A. BARNHART, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Antwain Robinson ("Robinson"). Petitioner is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock"). Robinson challenges his disciplinary conviction for possession of narcotics.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

According to a disciplinary hearing officer report, an FCI-Pollock staff member conducted a search of Robinson's cell. Three cigarettes, 121 stamps, and heroin were found inside Robinson's locker. (Doc. 1, p. 26). At the disciplinary hearing, Robinson admitted possession of the cigarettes and stamps, but denied any knowledge of the heroin. (Doc. 1, p. 26). Nonetheless, Robinson was found guilty of the disciplinary violation.

Robinson's appeal to the regional office was returned as undeliverable. His resubmitted appeal was rejected as untimely. (Doc. 1-3, pp. 15, 27). Robinson filed another grievance, which was also denied. Robinson claims that the BOP exceeded its authority by refusing to rule on the merits of his second grievance to the extent that it also challenged his disciplinary conviction. (Doc. 1-2, p. 9; Doc. 1-3, p. 40).

II. Law and Analysis

A. 42 U.S.C. § 1997e is inapplicable to habeas petitions.

Robinson claims that his petition should not be dismissed for lack of exhaustion under § 1997e. Section 1997e, as amended by the Prison Litigation Reform Act, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Section 1997e applies to challenges to prison conditions, not to habeas petitions. See Davis v. Fechtel, 150 F.3d 486, 490 (5th Cir. 1998); see also Mayberry v. Pettiford, 74 F. App'x 299, 299 (5th Cir. 2003). Thus, Robinson's argument is inapplicable to this habeas petition.

The Fifth Circuit has held that, independent of § 1997e, a prisoner must exhaust his administrative remedies prior to seeking habeas relief under § 2241. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990); Lundy v. Osborn, 555 F.2d 534, 534-35 (5th Cir. 1977). Administrative remedies must be fully exhausted in a procedurally correct manner. Woodford v. Ngo, 548 U.S. 81, 90 (2006). "Proper exhaustion requires compliance with

2

an agency's deadlines and other critical procedural rules." Id. Because Robinson's administrative appeal was dismissed as untimely, he has failed to properly exhaust his administrative remedies.

### B. Robinson was not deprived of due process.

A federal prisoner has a liberty interest in his accumulated good time credits. Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000). Thus, the "revocation of such credit must comply with minimal procedural requirements." Id. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due [to] a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). At a minimum, the prisoner is entitled to: (1) advance written notice of the disciplinary charges; (2) an opportunity to present evidence in his defense; and (3) a written statement by the factfinder regarding the evidence relied on and reasons for the disciplinary action. Id. at 563-67.

Additionally, there must be "some evidence" which supports the disciplinary decision. Id. A court's determination of whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001). The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. See Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001).

Robinson does not claim that he was deprived of the protections established by Wolff. He received advance written notice, an opportunity to present evidence in his defense, and a written ruling from the factfinder. Additionally, there is "some evidence" to support the disciplinary decision. Specifically, the hearing officer relied on the written account from the reporting staff member who recovered the contraband from Robinson's locker. The substance tested positive for heroin. (Doc. 1-3, p. 5-6). Thus, even if Robinson had properly and timely exhausted his administrative remedies, the petition should be dismissed.

III. Conclusion

For the forgoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus be DENIED AND DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of March, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge